**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2:12-cr-162 |
| v. | ) | |
| | ) | |
| ERIC EVERETT, | ) | |
| | ) | |
| Defendant. | ) | |

## **<u>MEMORANDUM ORDER</u>**

Eric Everett pled guilty to conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine and possessing a firearm in furtherance of a drug trafficking crime.  ECF 961.  He is serving a 12-year prison sentence at FCI Allenwood.  *Id.*  Considering various BOP credits, Mr. Everett has about two years remaining on his sentence.

Mr. Everett now moves this Court for immediate compassionate release, citing three bases for his motion: (1) his desire to serve as the caregiver for his elderly mother, who is suffering from certain medical ailments; (2) the allegedly harsh conditions in his BOP facility—specifically, the facility's curtailment of prisoner movement and programming to mitigate the spread of COVID-19; and (3) his concern over contracting COVID-19.  ECF 1403; ECF 1406; ECF 1415.

After Mr. Everett filed his motion, the Court appointed him counsel.  ECF 1404.  Mr. Everett's counsel then filed a brief in support of the motion.  ECF 1406.  After reviewing the brief, the Court ordered Mr. Everett's counsel to obtain Mr. Everett's complete medical records, and authorized counsel to file a supplemental brief in support of Mr. Everett's motion incorporating that information.  ECF 1408;

- 1 -

ECF 1410.   Counsel obtained Mr. Everett's complete medical file and filed a supplemental brief soon thereafter.   ECF 1415.   The government opposes Mr. Everett's request.   ECF 1416.

Based on the Court's careful review of the record, including the various medical documents and supplemental briefs, the Court denies Mr. Everett's motion for the following three reasons.[1]

**First**, Mr. Everett is not entitled to compassionate release to care for his elderly mother.   In the context of compassionate release, the U.S. Sentencing Commission's commentary explains that a family circumstance that may justify a reduction of a defendant's prison term is either "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."   U.S.S.G. § 1B1.13 app. note 1(C).   Under this policy statement, "[c]are of parents is not a qualifying basis for early release."   *See, e.g.*, *United States v. Henry*, No. 13-91, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020); *see also United States v. Goldberg*, No. 12-180, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("[T]he family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed" and "do not encompass providing care to elderly parents").   "Many, if not all inmates,

---

[1] This Court has previously described the standard applicable to compassionate-release motions.   *See, e.g.*, *United States v. Somerville*, 463 F. Supp. 3d 585, 589-90 (W.D. Pa. 2020) (Ranjan, J.); *United States v. Korbe*, No. 09-05, 2020 WL 6384368, at *1 (W.D. Pa. Oct. 30, 2020) (Ranjan, J.).   Without re-stating that legal framework in full, the Court applies it here.

have aging and sick parents.  Such circumstance is not extraordinary." *United States v. Ingram*, No. 14-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019); *see also United States v. Gaskin*, No. 15-352, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) ("[T]he desire to care for elderly parents" does not "qualify as extraordinary").

Even if the Court were to consider Mr. Everett's care for his parents as a qualifying "family circumstance," he has not established that he is the only available potential caregiver. *See United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020) ("District courts routinely deny motions for compassionate release when the defendant cannot show that they would be the only available caregiver[.]").  Mr. Everett has two siblings.  ECF 1415, p. 4.  According to him, neither can care for his mother because they both have children "with significant special needs."  *Id.*  However, while the Court is sympathetic to the added burden of caring for an elderly parent under those circumstances, nothing in the record suggests that Mr. Everett's siblings cannot provide assistance to his mother or obtain outside nursing care on her behalf.  Without making such a showing, Mr. Everett's circumstances do not "comprise extraordinary and compelling reasons."  *See Korbe*, 2020 WL 6384368, at *2 (collecting cases); *see also United State v. Crandle*, No. 10-35, 2020 WL 2188865, at *4 (M.D. La. May 6, 2020) (denying release where, among other things, defendant "failed to present evidence demonstrating that he is the only person who could care for his parents or that he would actually be able to care for his parents if released").

**Second**, Mr. Everett has not exhausted his remedies regarding his COVID-19-related complaints. Under 18 U.S.C. § 3582(c)(1)(A), a defendant may seek compassionate release from the Court only after exhausting all administrative appeals within the BOP, or after waiting 30 days after presenting such a request to the warden. Here, Mr. Everett submitted a request more than 30 days before filing his motion, but that request did not raise any issues related to the restrictions in place within his housing unit to prevent the spread of COVID-19 or any concerns he had about contracting the virus. ECF 1403, pp. 3-4. Indeed, his request includes no reference to COVID-19 at all. *Id.* Mr. Everett therefore has not properly exhausted his administrative remedies for these complaints, and the Court cannot currently consider them. *See United States v. Valenta*, No. 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) (Conti, J.) ("In this case, Valenta failed to exhaust his administrative remedies regarding the Covid-19 virus. Valenta made no specific reference to Covid-19 in his request and the BOP did not consider his request for release based on Covid-19. … As mandated by the court of appeals in *Raia*, the BOP must be given an opportunity to address Valenta's request for release due to the Covid-19 virus before he can seek relief in this court.").

**Third**, even if he had exhausted his administrative remedies for his COVID-19 complaints, no extraordinary reasons for his early release exist.[2]

---

[2] The Court has previously found that the exhaustion requirement under Section 3582 is a mandatory claims-processing requirement, not a jurisdictional requirement. *Somerville*, 463 F. Supp. 3d at 593 n.5. As such, this Court has jurisdiction to, as an alternate basis, deny Mr. Everett's motion on the merits.

Mr. Everett complains that because of the pandemic, he has been placed on a "strict lockdown" and "has no access to the library, educational programs, computers, and minimal access to phones." ECF 1415, p. 3. Although these conditions are not ideal, "[e]very prisoner in the facility and other BOP facilities is subject to [] similar conditions brought about by the COVID-19 pandemic," and Mr. Everett "has not explained why he should be given special or unique treatment." *United States v. Lischewski*, No. 18- 00203, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020).[3]

Mr. Everett argues that a temporary pause in the RDAP program because "of the continuous lockdowns at the facility" make his case extraordinary and compelling. ECF 1415, p. 3. A pause in the RDAP program, however, doesn't rise to the level of an extraordinary circumstance, as envisioned by the statute. After all, "RDAP was not guaranteed to him and it was not a condition of his incarceration." *United States v. Sexton*, No. 2:19- 192, 2021 WL 128952, at *3 (S.D. Ohio Jan. 14, 2021). Moreover, the Court "recognizes that while the BOP addresses the challenges posed by the COVID-19 pandemic, access to programming and mental health treatment will be temporarily limited, perhaps significantly so." *United States v. Morales*, No. 19-121, 2020 WL 2097630, at *4 (D. Conn. May 1, 2020). Indeed, the "purpose of such limitations is to protect the health of inmates and facility staff during a once-in-a-

---

[3] For example, Mr. Everett has presented no evidence showing that he has any mental health conditions or that those conditions have been exacerbated by the increased isolation caused by the lockdowns, which, arguably, could provide a basis for compassionate release. *Compare United States v. Jacobs*, No. 05-64, 2020 WL 5704448, at *2 (W.D. Pa. Sept. 24, 2020) (Ambrose, J.) (noting that "[c]ompassionate release has been granted where, for example, the evidence showed that the very steps being taken to prevent defendant from contracting the virus have aggravated his mental condition") (cleaned up).

century pandemic." *Sexton*, 2021 WL 128952, at *3.   In that way, temporarily suspending the RDAP program helps decrease Mr. Everett's COVID-19 exposure, which mitigates another concern he raised in his motion.   So, while the Court "understands [Mr. Everett's] frustration with the suspension of the RDAP," it "does not constitute an extraordinary and compelling circumstance warranting compassionate release." *United States v. Atan*, No. 15-20562, 2020 WL 6130906, at *3 (E.D. Mich. Oct. 19, 2020).

As for his fears over contracting COVID-19, Mr. Everett "must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *Somerville*, 463 F. Supp. 3d at 596.  Mr. Everett has not met either part of this test.

Mr. Everett admits that his "current medical conditions are limited," and include essentially dry skin and a broken tooth.  ECF 1415, p. 4.  Neither of these conditions places Mr. Everett at a uniquely high risk of serious complications if he were to contract COVID-19.

Further, FCI Allenwood currently has a relatively low number of active cases of COVID-19.   ECF 1416, p. 7 (citing https://www.bop.gov/coronavirus/).   "When prisons can keep the number of positive COVID-19 cases low or even at zero," which is the case at FCI Allenwood, "the risk of exposure is too speculative to render the circumstances extraordinary and compelling." *United States v. Buckman*, No. 14-540,

2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) (citations omitted).  Simply put, Mr. Everett's generalized fear of contracting COVID-19 is not enough to justify his early release.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").[4]

None of this is to minimize Mr. Everett's fear of contracting COVID-19.  And the Court empathizes with the Everett family's elder-care difficulties.  But the Court is compelled by statute to only authorize early release for extraordinary and compelling circumstances, and this case does not meet that high standard.

**AND NOW**, this **1st day of February, 2021**, upon the consideration of Mr. Everett's Motion (ECF 1403), it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge

---

[4] Because Mr. Everett cannot establish extraordinary and compelling circumstances, this Court need not weigh whether the Section 3553 factors favor release.